(No. 1750— ▮▮▮▮▮▮▮)

GRANT TIRE COMPANY, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1933.*

MICHAEL EKSTEIN, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant is engaged in the retail automobile tire and accessory business in Springfield, Illinois, and claims the sum of One Hundred Twenty-six Dollars and Eighty-five Cents ($126.85) for merchandise purchased from it by the Department of Public Welfare, and for services rendered by claimant in making repairs on automobiles used by the said department, as shown by an itemized bill of particulars attached to the declaration.

The merchandise furnished and services rendered covered a period of time from August 10th, 1927 to December 22nd, 1928. All purchases were made by and services rendered at the instance of R. W. Ide, then Director of the Department of Public Welfare, or his authorized representative. On January 22nd, 1929, Mr. Rodney H. Brandon succeeded Mr. Ide as the director of such department.

Claimant's declaration was not filed until March 30th, 1931. After the filing thereof, the Attorney General requested

an investigation and report from the Department of Public Welfare. Hon. Rodney Brandon, then director of such department, advised "that a search of the records of this department does not disclose any reference to the items mentioned in this claim. There are no requisitions or invoices on file which refer to the items listed, and we are unable to check the invoice numbers. The dates mentioned are all prior to my appointment as director."

The evidence fails to show that any requisition for the merchandise and services in question was ever issued by the Department of Public Welfare, and fails to explain why the claim was not presented in due time, and paid out of the proper appropriation. Claimant was charged with notice of the fact that appropriations are made by the General Assembly to cover the expenditures of each department for a period of only two years, and that all claims should be presented before the appropriation made for the payment thereof has lapsed. If the items in question constituted a proper claim, they should have been paid by the department from its 1927-1929 biennial appropriation, which appropriation did not lapse until September 30th, 1929. There was, therefore, a period of over nine months in which payment of the whole account could have been made by the department, but so far as the record shows, no effort was made to secure an adjustment of the account, or even file a claim therefor, until the filing of the declaration on March 30th, 1931.

Public policy requires that claims of this character be presented within a reasonable time in order that they may be checked by the proper officials, and in order that they may be paid out of the proper appropriations made for that purpose. By its delay in presenting its claim, the claimant in this case has put the State in a position where it is unable to check the same and determine from the records of the proper department whether the merchandise in question and the services claimed to have been rendered were actually received by the State.

It appears from the record, therefore, that the claimant has been guilty of such laches as will bar it from maintaining its claim at this time, and the claim is therefore dismissed.